<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SIBE K., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Civil Action No. 23-02668 (GC) <br><br> **OPINION** |

**<u>CASTNER, District Judge</u>**

**THIS MATTER** comes before the Court upon Plaintiff Sibe K.'s[1] appeal from the final decision of the Commissioner of the Social Security Administration denying an application for supplemental social security benefits based on disability under the Social Security Act, 42 U.S.C. § 423, *et seq*. The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 405(g) and reaches its decision without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, the Court **VACATES** the Commissioner's decision and **REMANDS** this matter for further proceedings.

**I.    BACKGROUND**

    **A.    PROCEDURAL HISTORY**

On May 19, 2021, Plaintiff applied for supplemental social security benefits, alleging an

---

[1]  The Court identifies Plaintiff by first name and last initial pursuant to D.N.J. Standing Order 2021-10.

onset date of May 20, 2011. (Administrative Record ("AR") at 54, 97; ECF No. 5 at 1.)[2] On September 17, 2021, the Commissioner denied Plaintiff's claim, (*id.* at 97), and on October 27, 2021 it denied the claim again upon reconsideration, (*id.* at 105). On June 1, 2022, the Administrative Law Judge ("ALJ") held a telephonic Administrative Hearing due to the circumstances presented by the Coronavirus Disease (Covid-19) Pandemic. (*Id.* at 70-96.) In an August 31, 2022 decision, the ALJ found that Plaintiff was not disabled. (*Id.* at 51-69.) Plaintiff timely requested that the Appeals Council review the ALJ's decision, and asked for further time to act on the case. (*Id.* at 1-4; 8-12.) On November 1, 2022 the Appeals Council granted Plaintiff's request, and invited Plaintiff to submit additional information. (*Id.* at 10.) Plaintiff submitted additional medical evidence on May 23, 2022. (*Id.* at 1-2; 15-50.) On May 3, 2023 the Appeals Council found there was no basis for review of the ALJ's decision. (*Id.* at 1-4.) The Appeals Council determined that additional medical evidence submitted by Plaintiff did not "show reasonable probability that it would change the outcome of the [ALJ's] decision" and did not exhibit that evidence as part of the record. (*Id.* at 1-2.) Plaintiff filed a Complaint in this Court on May 17, 2023. (ECF No. 1.) On July 17, 2023 the Administrative Record was filed in this case. (ECF No. 3.)

Plaintiff filed her brief on November 29, 2023. (ECF No. 5.) Defendant filed a response brief on January 24, 2024, (ECF No. 10).

### B.   THE ALJ'S DECISION

In the ALJ's decision, the ALJ ruled that Plaintiff was not disabled. (*See generally* AR at

---

[2]   The Administrative Record certified on July 17, 2023 is available at ECF No 3. This Opinion references page numbers in the Record only and not the corresponding ECF numbers. Page numbers for all other cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties. The Court will adopt the exhibit references as cited in the ALJ's opinion.

2

54-64.) The ALJ set forth the five-step process for determining whether an individual is disabled and entitled to disability benefits, and then examined the evidence at each step. (*Id.* at 55-64 (citing 20 C.F.R. § 416.920(a)).)

### *1. Steps One through Three of the ALJ's Disability Determination*

At step one, the ALJ found that Plaintiff had not engaged in any gainful activity since the application date of May 19, 2021. (*Id.* at 56 (citing 20 C.F.R. § 416.971).)

At step two, the ALJ determined that Plaintiff suffered from the following "severe" impairments: inflammatory arthritis; systemic lupus erythematosus (SLE); osteoarthritis; and ulnar entrapment. (*Id.* (citing 20 CFR 416.920(c)).) The ALJ found that these medically determinable impairments "significantly limit the ability to perform basic work activities as required by [Social Security Ruling ("SSR")] 85-28." (*Id.*) The ALJ also found that Plaintiff had the non-severe impairment of incipient presbyopia. (*Id.*) Although the record contained references to Plaintiff's headaches and alleged fibromyalgia, the ALJ concluded that there were "insufficient findings in the clinical record" to support that these were medically determinable impairments. (*Id.* at 57.)The ALJ explained that medically determinable impairments must be established by "objective medical evidence from an acceptable medical source" and not merely by "a person's statement of symptoms, a diagnosis, or a medical opinion." (*Id.*)

At step three, the ALJ determined that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.* at 57-58 (citing 20 C.F.R. §§ 416.920(d), 416.925, 416.926).) In step three, the ALJ reiterated his analysis of the non-severe impairments from the step two analysis. (*Compare id.* at 56 *with id.* at 57.)

3

### 2.  *Step Four*

At the fourth step, the ALJ outlined his findings of Plaintiff's residual functional capacity ("RFC"), writing:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except is able to frequently handle and finger with the bilateral hands. She is able to occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance as defined in the SCO; and occasionally stoop, kneel, crouch and crawl. The claimant can never work at unprotected heights; occasionally work around hazardous moving mechanical parts; and occasionally work in vibration.[3]

[(*Id.* at 58.)]

Step four requires that the ALJ follow a two-step process in which he must: (1) determine whether there is an "underlying medically determinable physical or mental impairment(s) . . . that can be shown by medically acceptable clinical or laboratory diagnostic techniques . . . that could reasonably be expected to produce the claimant's pain or other symptoms," and then (2) evaluate the "intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's work related activities." (*Id.* at 58.) In reaching his conclusion regarding Plaintiff's RFC, the ALJ stated that he relied on "careful consideration of the entire record" and "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (*Id.* (citing 20

---

[3]  The Social Security Administration "determine[s] the physical exertion requirements of work in the national economy" by "classify[ing] jobs as sedentary, light, medium, heavy, and very heavy." 20 C.F.R. § 404.1567. Accordingly, light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." (*Id.* § (b).) Further, "[e]ven though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. . . . " (*Id.*) The regulations find that "[i]f someone can do light work, . . . he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." (*Id.*)

4

CFR § 416.929 and SSR 16-3p).) The ALJ also considered the Plaintiff's testimony, the medical records provided, and prior administrative medical findings. (*Id.* at 58-59 (citing 20 CFR § 404.1520c).)

In determining Plaintiff's RFC, the ALJ weighed Plaintiff's medical records and Plaintiff's testimony regarding her impairments. (*Id.* at 62.) During the hearing, Plaintiff testified that "she experienced hand locking and weakness" as well as: deformities of the hand; needing help from her children to assist with the activities of daily living; impacts from her impairments on her abilities to sit, stand, walk, lift, and carry; brain fog; concentration issues; rash; osteoarthritis and nephritis resulting from the lupus; and severe fatigue. (*Id.* at 61-62.) The ALJ found that after reviewing the evidence, "although the record shows the claimant does have the impairments noted above, the symptoms do not cause the degree of limitation alleged." (*Id.* at 62.) The ALJ further found "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (*Id.*)

The ALJ found that while she has inflammatory arthritis, systemic lupus erythematosus, osteoarthritis, and ulnar entrapment, "[d]espite these impairments and resulting limitations and restrictions, the claimant has been capable of performing substantial gainful activity on a sustained basis." (*Id.* at 58 (citing Exs. 1F-9F).) In reaching this conclusion, the ALJ considered clinical notes and ongoing treatment from Plaintiff's prior and current rheumatologists; a vision examination; a consultative medical examination with Francky Merlin, M.D.; and treatment notes from a medical evaluation Plaintiff received related to her arm pain. (*Id.* at 58-59.)

The ALJ based this determination on the evidence in the medical record that Plaintiff's lower extremities had not "had any reduction in strength" notwithstanding the L5 radiculopathy; that the consulting examiner found claimant's manipulative function was not impaired; and that Plaintiff's reduction in grip strength due to hand tenderness was not usually quantified. (*Id.* at 62.) Further, the ALJ noted that recent medical records "did not indicate severe fatigue, malaise, or fever" and that claimant "was described as well-developed, well-nourished and [not in] acute distress." (*Id.*) The ALJ also relied on the fact that recent "mini-mental status examinations" of Plaintiff were within normal limits. (*Id.*)

Further, the ALJ considered medical opinions and prior administrative findings in the determination of the RFC. (*Id.* at 62-63.) The Disability Determination Services ("DDS") consultants "opined that the claimant had the ability to perform light exertional work activity, with postural and environmental limitations." (*Id.* at 63 (citing Exs. 2A & 4A).) The ALJ found these opinions "partially persuasive because they are partially supported by and consistent with the medical evidence of record" but with persuasiveness partially reduced because the consultants did not examine Plaintiff or review the evidence received after the file review was complete. (*Id.*) Specifically, the DDS consultants did not review recent medical evidence from Plaintiff's rheumatologist supporting Plaintiff's manipulative limitations. (*Id.* (citing Ex. 8F).) The ALJ also reviewed a medical opinion from Dr. Sudha Kamath stating Plaintiff was under care for an autoimmune condition, finding it unpersuasive because "it is unclear how it would impact the claimant in vocational terms" and was written more than one year prior to the period at issue. (*Id.* (citing Ex. 3F).) Further, the ALJ found the consultative examiner "did not give an opinion regarding the claimant's functional abilities," and considered the third-party function statement from claimant's husband. (*Id.* (citing Exs. 5F & 4E).) The ALJ specified that he did not "provide[]

articulation about the evidence that is inherently neither valuable nor persuasive" in accordance with 20 C.F.R. § 416.920b(c). (*Id.*)

### 3. *Step Five*

At the fifth and final step, the ALJ concluded that Plaintiff had no past relevant work experience, that she was a young individual on the date the application was filed, and that Plaintiff had a high school education. (*Id.* at 63.) The ALJ found that "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." (*Id.* at 63 (citing 20 C.F.R. §§ 416.969, 426.969(a).) These jobs, based upon the vocational expert's testimony at the hearing, include: office helper; routing clerk; and as an assembler of small products. (*Id.* at 64.) The ALJ concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, since May 19, 2021, the date the application was filed." (*Id.* (citing 20 CFR § 416.920(g).)

## II.   LEGAL STANDARD

### A.   DISABILITY DETERMINATION

An individual is "disabled" and therefore eligible for disability insurance benefits if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The individual's impairment must be severe to the point that the individual cannot engage in her previous work or in "any other kind of substantial gainful work which exists in the national economy," *i.e.*, work that exists in significant numbers either in the region where such individual lives or in several regions of the country. 42 U.S.C. § 423(d)(2)(A); *Plummer v. Apfel*, 186 F.3d 422, 427-28 (3d Cir. 1999). A physical or mental impairment is one "that results from

7

anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

The Commissioner employs a five-step sequential evaluation process for disability claims. *See* 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of proof for the first four steps of the analysis, and the burden shifts to the Commissioner for the fifth step. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91-92 (3d Cir. 2007); *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).

*First*, a claimant must not have engaged in substantial gainful activity since the alleged disability onset date. 20 C.F.R. § 404.1520(a)(4)(i), (b).

*Second*, the Commissioner considers "the medical severity of [the claimant's] impairment(s)." *Id.* § 404.1520(a)(4)(ii). The claimant must have a "medically determinable physical or mental impairment" or combination of impairments severe enough to limit the claimant's ability to perform basic work activities for a continuous period of at least twelve months. *Id.*; *see also id.* at § 404.1509. The claimant bears the burden of establishing the first two requirements, and failure to satisfy either of them automatically results in denial of benefits. *Bowen v. Yuckert*, 482 U.S. 137, 146-47 n.5 (1987).

*Third*, if the claimant satisfies her burden at steps one and two, the Commissioner then considers the "medical severity of [the claimant's] impairment(s)." *Id.* § 404.1520(a)(4)(iii). The impairment or impairments must meet or equal a listing in Appendix 1 of C.F.R. Part 404, Subpart P. *Id.* § 404.1520(d). The impairment or impairments are "medically equivalent to a listed impairment . . . if [they are] at least equal in severity and duration to the criteria of any listed impairment." *Id.* § 404.1526(a). If the claimant can make a sufficient showing at step three, she is deemed disabled. *Id.* § 404.1520(a)(iii).

*Fourth*, if the claimant fails to make a sufficient showing at the third step, the analysis proceeds to an evaluation of the claimant's RFC and past relevant work. *Id.* § 404.1520(a)(4)(iv). RFC is the most the claimant can do in a work setting despite her limitations. *Id.* § 404.1545(a)(1). The Commissioner "assess[es] [the claimant's] residual functional capacity based on all the relevant evidence in [her] case record," and "consider[s] all of [the claimant's] medically determinable impairments," including ones that are not "severe" pursuant to §§ 404.1520(c), 404.1521, and 404.1523. *Id.* § 404.1545(a)(1)-(3). The Commissioner also assesses RFC based on "all of the relevant medical and other evidence." *Id.* § 404.1545(a)(3). Past relevant work is "work that [the claimant] ha[s] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." *Id.* § 404.1560(b)(1). "The claimant bears the burden of demonstrating an inability to return to [her] past relevant work." *Plummer*, 186 F.3d at 428 (citing *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994)).

*Fifth*, if the claimant is incapable of performing past relevant work, the analysis proceeds to the fifth and final step. *See id.* § 404.1520(a)(4)(iv)-(v); *Plummer*, 186 F.3d at 428. At this step, the claimant must be unable to adjust to other work in light of her RFC, age, education, and work experience to be considered disabled. *See id.* § 404.1520(a)(4)(v), (g). Before denying a claim at step five, the Commissioner must show that the claimant is capable of other work existing "in significant numbers in the national economy." *Id.* § 404.1560(c)(2); *see Poulos*, 474 F.3d at 92.

### B.   STANDARD OF REVIEW

District courts may "affirm[], modify[], or revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). In reviewing the decision, the court determines whether the ALJ's findings are supported by substantial evidence. *Id.*; *see also Poulos*, 474 F.3d at 91. Substantial evidence is "such relevant

9

evidence as a reasonable mind might accept as adequate to support a conclusion." *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (internal quotation marks and citation omitted).

The district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992). This limitation applies "even if [the court] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). The court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999)). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) (internal citation omitted).

### III. DISCUSSION

On review of the ALJ's decision, (*see* AR at 11-23), and the Administrative Record, (*see generally* AR), the Court finds good cause to remand the Commissioner's decision back to the ALJ. In reaching a decision, an ALJ must evaluate the evidence and explain the reasons for accepting or rejecting evidence. *Cotter*, 642 F.2d at 706. Here, the ALJ did not provide sufficient reasoning at step three, and the Court therefore determines that the matter must be remanded to the ALJ for further explanation.

In support of her appeal, Plaintiff advances three arguments: (1) at step three of the sequential evaluation, the ALJ did not properly evaluate Plaintiff's severe medical impairments in comparison to the listings, either individually or in combination; (2) the ALJ's determination of Plaintiff's RFC allowing light work was in error; and (3) the Appeals Council's decision not to exhibit the additional medical evidence submitted regarding Plaintiff's evaluation and treatment of her rheumatoid arthritis and lupus as part of the record was erroneous. (ECF No. 1 at 3; ECF No. 5 at 1-4.) The Court does not reach Plaintiff's argument regarding Plaintiff's RFC or the Appeals Council's treatment of the additional medical records because the Court found error warranting remand at step three of the ALJ's analysis. If the ALJ on remand finds that Plaintiff has an impairment or combination of impairments that rise to the level of the Commissioner's listings, Plaintiff will be "deemed disabled." 20 C.F.R. § 404.1520(a); *see also Sullivan v. Zebley*, 493 U.S. 521, 525 (At step three "[i]f the claimant's impairment matches or is equal to one of the listed impairments, [plaintiff] qualifies for benefits without further inquiry") (internal citation and quotation marks omitted).

### A.   THE ALJ'S ASSESSMENT AT STEP 3

At step three, an ALJ considers whether the combination of the claimant's medically determinable impairments meets or equals the severity of any one of the impairments in the Listing of Impairments. 20 C.F.R. § 404.1520(a)(4)(iii); *see also Zebley*, 493 U.S. at 525 ("In the third step, the medical evidence of the claimant's impairment is compared to a list of impairments presumed severe enough to preclude any gainful work.") An impairment meets a listed impairment if it satisfies "'all of the specified medical criteria. An impairment that manifests only some of

11

those criteria, no matter how severely, does not qualify.'" *Jones*, 364 F.3d at 504 (quoting *Zebley*, 493 U.S. at 530).

"A claimant cannot qualify for benefits under the 'equivalence' step by showing that the overall functional impact of his unlisted impairment or combination of impairments is as severe as that of a listed impairment." *Zebley*, 493 U.S. at 531. "[T]he medical criteria defining the listed impairments [are set] at a higher level of severity than the statutory standard" because the "listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing any gainful activity, not just 'substantial gainful activity.'" *Id.* at 532 (quoting 20 C.F.R. § 416.925(a)). In cases where claimants have a "combination of impairments, no one of which meets a listing" the ALJ will "compare [plaintiff's] findings with those for closely analogous listed impairments." *Torres v. Comm'r of Soc. Sec.*, 279 F. App'x 149, 151 (3d Cir. 2008). "If the findings related to [plaintiff's] impairments are at least of equal medical significance to those of a listed impairment, we will find that [plaintiff's] combination of impairments is medically equivalent to the listing. *Id.*

At step three, the ALJ must ensure "sufficient development of the record and explanation of findings to permit meaningful review." *Jones*, 364 F.3d at 505 (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 120 (3d Cir. 2000)); *see also Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001). It is well-settled that this "requires more than just a conclusory statement that a claimant does not meet the listings." *Burnett*, 220 F.3d at 119. The United States Court of Appeals for the Third Circuit "has stated that it is the ALJ's 'responsibility . . . to identify the relevant listed impairment(s)' and 'develop the arguments both for and against granting benefits.'" *Torres*, 279 F. App'x at 149 (3d Cir. 2008) (quoting *Burnett*, 220 F.3d at 120 n.2).

The Court finds that the ALJ's step three analysis warrants a remand for additional explanation. While the ALJ is not required to "use particular language or adhere to a particular format" nor "make reference to every relevant treatment note in a case," the ALJ must articulate his reasoning and a basis for his findings. *Jones*, 364 F.3d at 505 (citing *Burnett, 220 F.3d at 120*); *see also Padilla v. Comm'r of Soc. Sec.*, Civ. No. 09-2897, 2010 WL 2346650, at *5 (D.N.J. June 9, 2010) (finding an ALJ's "careful analysis of the medical evidence" in light of the disability listings was "comprehensive enough for meaningful review"). Here, there is no articulation of the ALJ's analysis or reasoning at step three, or the evidence upon which his finding is based. This is insufficient under the standard required by *Burnett*. *See Burnett*, 220 F.3d at 119 (remanding where the ALJ's "conclusory statement" at step three was "beyond meaningful judicial review"); *see also Cop v. Comm'r of Soc. Sec.*, 226 F. App'x 203, 208 (3d Cir. 2007) (affirming it is correct that the Third Circuit requires the ALJ to set forth the reasons for his decision at step three).

The ALJ's decision in step two found four severe physical medically determinable impairments: inflammatory arthritis; systemic lupus erythematosus (SLE); osteoarthritis; and ulnar entrapment. (AR at 56.) Here, the ALJ did not address the Commissioner's listings or whether Plaintiff's impairments met them either individually or in combination. Instead, the step three analysis is a reiteration of the analysis of Plaintiff's non-severe impairments from step two, and does not address the Commissioner's listings or their equivalence to Plaintiff's impairments. As such, the Court finds the ALJ did not provide the required analysis at step three regarding whether Plaintiff's severe impairments or the combination of Plaintiff's impairments rose to the listing-level of severity. *Torres*, 279 F. App'x at 149 ("Although the claimant bears the burden of proving that [her] impairments equal or meet those listed in Appendix 1, if a claimant's impairment

does not match one listed in Appendix 1, the ALJ is required to perform a comparison between the claimant's impairment(s) and those listed in Appendix 1") (citing 20 C.F.R. § 404.1526(b)).

Although Defendant argues that "[t]he ALJ's evaluation of the evidence . . . need not appear specifically in the discussion of the listings," here there is no analysis of any kind at step three for the Court to review. (ECF No. 10 at 15.) For its proposition that the ALJ's decision was proper at step three, Defendant cites the Third Circuit's decision in *Cop v. Commissioner of Social Security*, 226 F. App'x 203, 208 (3d Cir. 2007). However, the Third Circuit in *Cop* explicitly found that it was "not a case where the ALJ failed to identify the relevant listings, discuss the evidence or explain his reasoning . . . [r]ather, the ALJ identified the relevant listings in his opinion, discussed the medical evidence and [Plaintiff's] testimony, and explained that the evidence demonstrated that [Plaintiff's] impairments do not meet or equal the listing requirements." *Cop*, 226 F. App'x 203, 208 (3d Cir. 2007). Here, in contrast to the appeal in *Cop*, the ALJ did not discuss or identify any relevant listings, the evidence in relation to those listings, or explain his reasoning regarding Plaintiff's severe impairments either individually or in combination. The Court finds it is required to remand for further explanation as the ALJ's analysis "cannot be given a meaningful judicial review." *Id.*

### IV. CONCLUSION

For the reasons set forth above, and other good cause shown, the Court **VACATES** the Commissioner's decision and **REMANDS** this matter for further consideration consistent with this opinion. An appropriate order follows.

Dated: September 26, 2024

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE